**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 20-325 |
| | ) | Judge Nora Barry Fischer |
| ELIJAH SAYON, | ) | |

**MEMORANDUM OPINION**

I.      INTRODUCTION

In this case, Defendant Elijah Sayon is charged with four counts of Hobbs Act robbery and aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, for conduct occurring on or about August 3, 2020 and August 4, 2020.  (Docket No. 1).  Presently before the Court are two separately filed motions by Defendant alleging that the Indictment against him should be dismissed because it fails to plead all of the essential elements of the offenses and the Government's Responses in opposition.  (Docket Nos. 129; 132; 149; 155).  The motions have been fully briefed and the Court heard argument from the parties at a motion hearing held on February 24, 2023, the transcript of which has been filed of record and reviewed by the Court. (Docket Nos. 129; 132; 134; 136; 148; 149; 155).  After careful consideration of the parties' positions and for the following reasons, Defendant's Motions will be denied.

II.      FACTUAL BACKGROUND

Since the Court's review of a motion to dismiss under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure is generally limited to the allegations in the Indictment, the Court focuses on the text of same.  *See United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (a "challenge to the sufficiency of the indictment should be decided based on the facts alleged within

1

the four corners of the indictment, not the evidence outside of it.").  The Indictment consists of the following:

Count One

The grand jury charges:

On or about August 3, 2020, in the Western District of Pennsylvania, the defendants, ELIJAH SAYON and REXFORD WRIGHT, did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery of Sonoco, located at 1000 Donner Avenue, Monessen, PA 15062, in that the defendants, ELIJAH SAYON and REXFORD WRIGHT, did take and obtain the personal property of the Sunoco, that is, an amount of United States Currency, against the will of its employees and by means of actual and threatened force, violence and fear of immediate and future injury,

In violation of Title 18, United States Code, Sections 1951 and 2.

Count Two

The grand jury further charges:

On or about August 3, 2020, in the Western District of Pennsylvania, the defendants, ELIJAH SAYON and REXFORD WRIGHT, did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery of Marathon, located at 4975 State Route 51 N, Belle Vernon, PA 15102, in that the defendants, ELIJAH SAYON and REXFORD WRIGHT, did take and obtain the personal property of the Sunoco, that is, an amount of United States Currency, against the will of its employees and by means of actual and threatened force, violence and fear of immediate and future injury,

In violation of Title 18, United States Code, Sections 1951 and 2.

Count Three

The grand jury further charges:

On or about August 4, 2020, in the Western District of Pennsylvania, the defendants, ELIJAH SAYON and REXFORD WRIGHT, did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery of GetGo, located at 4900 Steubenville Pike, Pittsburgh, PA 15205, in that the defendants, ELIJAH SAYON and REXFORD WRIGHT, did take and obtain the personal property of the Sunoco, that is, an amount of United States Currency, against the will of its employees and by means of actual and threatened force, violence and fear of immediate and future injury,

In violation of Title 18, United States Code, Sections 1951 and 2.

### Count Four

The grand jury further charges:

On or about August 4, 2020, in the Western District of Pennsylvania, the defendants, ELIJAH SAYON and REXFORD WRIGHT, did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery of 7/11, located at 200 Dry Run Road, Monongahela, PA 15063, in that the defendants, ELIJAH SAYON and REXFORD WRIGHT, did take and obtain the personal property of the Sunoco, that is, an amount of United States Currency, against the will of its employees and by means of actual and threatened force, violence and fear of immediate and future injury,

In violation of Title 18, United States Code, Sections 1951 and 2.

(Docket No. 1). The primary statute cited in the Indictment, the Hobbs Act, 18 U.S.C. § 1951, states, in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(a) – (b).  The Indictment also cites to 18 U.S.C. § 2, which provides that:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2.

III.    PROCEDURAL HISTORY

By way of further background, the grand jury returned the 4-count Indictment against Defendant and Wright on October 21, 2020.  (Docket No. 1).  The Indictment Memorandum informs the defendants that the essential elements of the Hobbs Act robbery charges which the Government must prove beyond a reasonable doubt include:

1.  That the defendant took from the respective business identified in each count of the Indictment, the property described in the respective count of the Indictment;

2.  That the defendant did so knowingly and willingly; and

3.  That as a result of the defendant's actions, interstate commerce was obstructed, delayed, or affected.

(Docket No. 2 at 2).  As to aiding and abetting Hobbs Act robbery, the Indictment Memorandum advises that the elements the Government must prove beyond a reasonable doubt are:

1. That the principal committed the Hobbs Act robbery by committing each of the elements of the offense charged;

2. That the defendant knew that the offense charged was going to be committed or were being committed by the principal;

3. That the defendant did some act for the purpose of aiding, assisting, soliciting, facilitating or encouraging the principal in committing the offense and with the intent that the principal commit the offense; and,

4. That the defendant's acts did, in some way, aid, assist, facilitate or encourage the principal to commit the offense. The defendant's acts need not themselves be against the law.

(*Id*. (citing Third Circuit Model Jury Instruction 7.02 (modified)). The Indictment Memorandum further instructs that the potential penalties for each offense include: a term of imprisonment up to 20 years; a term of supervised release of up to 3 years; a fine of not more than $250,000 or an amount not more than twice the pecuniary gain or loss of any person; a mandatory special assessment of $100 at each count; and restitution. (*Id*. at 3).

Both defendants entered not guilty pleas at their respective arraignments held on December 2, 2020. (Docket Nos. 16; 25). Wright did not file pretrial motions or otherwise dispute the sufficiency of the charges. Instead, he reached a plea agreement with the Government pursuant to which he pled guilty to one count of Hobbs Act robbery at Count 1 of the Indictment at Criminal No. 20-325 and waived indictment and pled guilty to one count of brandishing a short-barreled shotgun in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(B)(i) at Count 1 of the Information at Criminal No. 21-453. (Docket No. 64-1). On May 19, 2022, Wright was sentenced by this Court to 144 months' imprisonment, followed by 3 years' supervised release, and was ordered to pay a $200 special assessment and $1,600 in restitution. (Docket No. 111; Crim. No. 21-453, Docket No. 37).

Defendant has maintained his not guilty pleas and filed his initial motion to dismiss challenging the allegations in the Indictment along with two discovery motions on October 24, 2022.  (Docket Nos. 127; 128; 129). The Court received pre-hearing briefing from the parties in November and December of 2020, including: the Government's response; Defendant's reply; and the Government's sur-reply.  (Docket Nos. 132; 134; 136).  After granting two requests for continuances by the defense, the Court held a motion hearing on February 24, 2023, at the conclusion of which the Court ordered production of the transcript and supplemental briefing from the parties.  (Docket Nos. 137-142; 145; 146).  The transcript of the proceeding was prepared on March 24, 2023, with a redacted version being filed on April 3, 2023.  (Docket Nos. 147; 148).  At the Court's direction, Defendant submitted his supplemental motion to dismiss on April 14, 2023, and the Government filed its response in opposition on May 1, 2023.  (Docket Nos. 149; 155). The parties have not requested any further briefing and the Court considers these motions to be fully briefed and ripe for disposition.

IV.    LEGAL STANDARD

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 12.  Specifically, Rule 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to . . . state an offense." Fed. R. Crim. P. 12(b)(3)(B).  The requirements of the contents of an indictment are set forth in Rule 7 of the Federal Rules of Criminal Procedure.  Fed. R. Crim. P. 7.  Pursuant to Rule 7(c)(1), an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  Fed. R. Crim. P. 7(c)(1).  The purpose of the promulgation of Rule 7 was to abolish detailed pleading

requirements and the technicalities previously required in criminal pleading.  *See United States v. Huet*, 665 F.3d 588, 594 (3d Cir. 2012) (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007)); *see also United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011) (same citation). "Although detailed allegations may have been required under a common law pleading regime, they 'surely are not contemplated by [the Federal Rules].'"  *Huet*, 665 F.3d at 594 (quoting *Resendiz-Ponce*, 549 U.S. at 110).

"'[A]n indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" *United States v. Fattah*, 858 F.3d 801, 814 (3d Cir. 2017), *as amended* (June 12, 2017) (quoting *United States v. Stevenson*, 832 F.3d 412, 423 (3d Cir. 2016)) (further quotations omitted).  However, the Court of Appeals has "eschewed any approach that insists upon magic words that perfectly mirror the statutory language of the charged offense: '[f]ailure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication.'" *Stevenson*, 832 F.3d at 424 (quoting *Gov't of V.I. v. Moolenaar*, 133 F.3d 246, 249 (3d Cir. 1998)).

V.      DISCUSSION

Defendant argues that the Court should follow the U.S. Court of Appeals for the Ninth Circuit's decision in *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999) and dismiss the Indictment because the Hobbs Act robbery charges at Counts 1-4 do not specifically plead the applicable mens rea of "knowingly" or "willfully." (Docket Nos. 129; 134; 149).  The Government counters that *Du Bo* is a non-binding decision of the Ninth Circuit that is otherwise distinguishable

and that the allegations in the Indictment are sufficiently pled under binding authority. (Docket Nos. 132; 136; 155). Having fully evaluated the parties' arguments in light of the applicable precedent, the Court will deny the motions to dismiss.

At the outset, the Court finds that the present Indictment meets all of the requirements set forth by the Federal Rules and relevant Third Circuit jurisprudence. *See Stevenson*, 832 F.3d at 424. To that end, the four counts in the Indictment contain short and plain statements of each offense, track the applicable statutory language, cite the statutes which were allegedly violated, and provide the dates on which each offense occurred, i.e., the grand jury alleges that Defendant and Wright committed robberies of four gas stations located in the Western District of Pennsylvania on August 3, 2020 and/or August 4, 2020 in violation of 18 U.S.C. §§ 1951 and 2. (Docket No. 1). Hence, Defendant has been sufficiently apprised of the charges to prepare his defense in this case and can invoke double jeopardy in a subsequent prosecution. *See Fattah*, 858 F.3d at 814.

It is also this Court's opinion that the grand jury's omission of the mens rea of knowingly or willfully from the Indictment's text does not require its dismissal under applicable Third Circuit precedent. *See Stevenson*, 832 F.3d at 424. The Court reaches this decision for several reasons.

First, *Du Bo* is a non-binding decision of the United States Court of Appeals for the Ninth Circuit which represents a minority view of the Courts of Appeals and is contrary to the law of the United States Court of Appeals for the Third Circuit which this Court is bound to follow. *See United States v. Stock*, Crim. No. 11-182, 2012 WL 202761, at *8 (W.D. Pa. Jan. 23, 2012), *aff'd*, 728 F.3d 287 (3d Cir. 2013) (citing *United States v. Mitlo*, 714 F.2d 294, 298 (3d Cir.1983)) ("This Court is generally bound by decisions of the Supreme Court of the United States and the United

States Court of Appeals for the Third Circuit.").  In this regard, the Ninth Circuit has explained that:

> If a defendant properly challenges an indictment before trial and, on *de novo* appellate review, we determine the indictment omitted an essential element, *Du Bo* requires automatic dismissal regardless of whether the omission prejudiced the defendant. 186 F.3d at 1179. Although *Du Bo's* automatic-dismissal rule conflicts with the harmless-error standard adopted by several other circuits, it remains the law in this circuit.

*United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020).  Several Judges on the Ninth Circuit have called for that Court to take up the issue en banc and reverse it because they believe "[a]n absolute rule makes no sense," *United States v. Omer*, 429 F.3d 835 (9th Cir. 2005), while District Judges in that Circuit have noted that the automatic dismissal rule emanating from *Du Bo* is "controversial within the [Ninth] Circuit." *United States v. Newman*, No. 2:18-CR-41 JCM (CWH), 2020 WL 5517652, at *3 (D. Nev. Sept. 14, 2020); *see also Stevenson*, 832 F.3d at 427 (citing *Omer*, 395 F.3d at 1088 (commenting that "Six judges of [the Ninth Circuit] have disagreed with [*Du Bo*], which may indicate that the rule is on shaky ground even in the lone circuit that still adheres to it.")).

In stark contrast, the United States Court of Appeals for the Third Circuit has "recognize[d] that the Court of Appeals for the Ninth Circuit has persisted in the view that a defective indictment requires reversal" but rejected that approach in favor of the rule articulated by "at least six United States Courts of Appeals that harmless error review applies when an indictment's omission of an essential element is challenged in district court." *Stevenson*, 832 F.3d at 427.  Thus, the rule in the Third Circuit is that "an indictment that fails to include all essential elements of the charged offense is subject to harmless error review when the issue [is] raised in the trial court." *Stevenson*, 832 F.3d at 426.  This requires the Court to analyze: "(1) whether the indictment provided [Defendant]

sufficient notice of the crime with which he had been charged and (2) whether [Defendant] was harmed by losing the right to have the public determine whether there existed probable cause to charge the missing element." *Id.* at 428 (quoting *United States v. Dentler*, 492 F.3d 306, 310-11 (5th Cir. 2007) (internal quotation marks omitted)).  On the latter point, the Court of Appeals concluded in *Stevenson* that the trial court's proper instructions on the essential elements to the trial jury – which was tasked with finding each element beyond a reasonable doubt – cured any defect by the grand jury allegedly not finding the lesser standard of probable cause. *Id.* at 428.

The same is true here as Defendant is plainly on notice of the charges, the parties agree on the essential elements, including the applicable mens rea that the Government must prove beyond a reasonable doubt that he acted knowingly or willfully, and the Court will provide appropriate instructions to the jury as to all of the essential elements at the time of trial.  *See United States v. Powell*, 693 F.3d 398, 401 (3d Cir. 2012) ("[A] conviction under the Hobbs Act requires proof beyond a reasonable doubt that (1) the defendant knowingly or willfully committed, or attempted or conspired to commit, robbery or extortion, and (2) the defendant's conduct affected interstate commerce.").  All told, since the Third Circuit has rejected the "automatic dismissal rule" of *Du Bo* in favor of a harmless error approach which permits an alleged defect to be cured at the time of trial, Defendant's motion to dismiss the Indictment must be denied. *See Stevenson*, 832 F.3d at 426-28.

Second, the law of the Third Circuit is well established that an indictment is sufficient if alternative language is used which charges the essential elements by necessary implication.  *See Gov't of Virgin Islands v. Moolenaar*, 133 F.3d 246, 249 (3d Cir. 1998).  The Court of Appeals has also held that allegations that a defendant committed a robbery by taking the property of another by force or threat of force necessarily implies that a defendant acted knowingly.  *See*

*United States v. Hodge*, 211 F.3d 74 (3d Cir. 2000). Helpfully, the Honorable Christopher C. Conner in the United States District Court for the Middle District of Pennsylvania rejected the same argument advanced by Defendant here in *United States v. Coles,* with the following explanation:

> Coles is correct that absent from this count is any explicit reference to the judicially recognized mens rea requirement, viz., that "the defendant knowingly or willfully" committed the charged robbery. *See United States v. Powell*, 693 F.3d 398, 401 (3d Cir. 2012) (citing *United States v. Walker*, 657 F.3d 160, 178-79 (3d Cir. 2011); *United States v. Driggs*, 823 F.2d 52, 54 (3d Cir. 1987)). We agree that the ideal indictment should allege the mens rea element for the offense charged. Our only inquiry, however, is whether the indictment is fatally deficient for failing to do so.
>
> Our court of appeals instructs us that it is not. In *United States v. Hodge*, 211 F.3d 74 (3d Cir. 2000), the Third Circuit reviewed a similar issue: the indictment in that case charged the elements of robbery under a Virgin Islands' statute but failed to "explicitly recite the element of specific intent." *See Hodge*, 211 F.3d at 76-77. The court held that the indictment nonetheless satisfied Rule 7(c). It noted that the indictment's language tracked the statutory definition of robbery—which, like the Hobbs Act, does not expressly include a mens rea element. *See id.* at 77. While the court acknowledged case law holding specific intent to be an essential element of the offense, it observed that "[f]ailure to allege the statutory elements will not be fatal provided that alternative language is used or that the essential elements are charged in the indictment by necessary implication." *Id.* (quoting *Gov't of Virgin Islands v. Moolenaar*, 133 F.3d 246, 249 (3d Cir. 1998)). The court concluded that the indictment "was sufficient to meet all of the requirements of Rule 7(c)(1)." *Id.*
>
> Coles claims that *Hodge* is distinguishable because it concerned a Virgin Islands' robbery statute, not Hobbs Act robbery. (*See* Doc. 741 at 7). We do not view that distinction as material, and Coles does not explain why it is. The broader point of Hodge is directly applicable here: an indictment like this one, that includes all requisite statutory elements, and by necessary implication any judicially derived elaboration, is sufficient to satisfy Rule 7(c)(1). *See Hodge*, 211 F.3d at 77; *see also United States v. Oliver*, No. 01-3223, 2002 WL 31474532, slip op. at 2 (3d Cir. Nov. 5, 2002)

(nonprecedential). We will deny Coles' motion to dismiss Count Two.

*United States v. Coles*, No. 1:16-CR-212, 2021 WL 308831, at *6 (M.D. Pa. Jan. 29, 2021).

Several other Courts of Appeals and District Courts have reached the same conclusion as Judge Conner and declined to dismiss Hobbs Act robbery indictments which did not specifically plead the mens rea of knowingly or willfully. *See e.g., United States v. Woodruff*, 296 F.3d 1041, 1047 (11th Cir. 2002) ("By alleging that Woodruff 'did unlawfully take and obtain personal property ... by means of actual and threatened force, violence, and fear of immediate injury,' the indictment not only tracked the language of the Hobbs Act, but also necessarily alerted the defendant that he was charged with having knowingly committed the crime."); *United States v. Jackson*, 513 F. App'x 51, 55 (2d Cir. 2013) ("Although the indictment [charging Hobbs Act robbery] did not specifically contain the words 'knowingly' or 'willfully,' the plain and common-sense reading of the indictment put the defendant on notice of what the charges against him were, such that he was not prejudiced in the preparation of his defense."); *United States v. Franklin*, 213 F. Supp. 2d 478, 493 (E.D. Pa. 2002) (finding that challenge to sufficiency of indictment was procedurally defaulted in § 2255 petition and stating that "we find that the rule requiring an intent instruction on a Hobbs Act Robbery charge applies only to jury instructions and not to the indictment.").  In this case, the grand jury charges in each count that Defendant and Wright unlawfully "[took] and obtain[ed] the personal property of the [gas station], that is, an amount of United States Currency, against the will of its employees and by means of actual and threatened force, violence and fear of immediate and future injury." (Docket No. 1).  Applying Third Circuit precedent, as is required, this Court holds that the Indictment sufficiently informs Defendant that he is charged with knowingly committing robberies of four gas stations in violation of the Hobbs

Act on August 3, 2020 and August 4, 2020.  *See Coles*, 2021 WL 308831, at *6 (citing *Hodge*, 211 F.3d at 77).

    Third, the Indictment against Defendant should not be dismissed because it alternatively charges him with aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 and thereby incorporates the mens rea of willfully which is expressly set forth in the aiding and abetting statute.  *See* 18 U.S.C. § 2(b) ("Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.").  Indeed, a panel of Ninth Circuit Judges expressly distinguished *Du Bo* and refused to dismiss an indictment which alternatively charged both Hobbs Act robbery and aiding and abetting Hobbs Act robbery.  *See United States v. Greene*, 230 F.3d 1368, 2000 WL 1256887 (9th Cir. 2000).  To that end, the Court in *Greene* held the following:

> Greene's citation of *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999) is inapposite. In that case, the defendant's indictment failed to include a mens rea because the indictment *only* cited to the Hobbs Act. *Id*. at 1179. Here, unlike *Du Bo*, Greene was also indicted under Title 18, U.S.C. § 2, which expressly includes a willfulness requirement. Given that "the intent regarding the underlying substantive offense required to convict a defendant as an aider and abettor is the same intent necessary to convict him as a principal," the intent element was not missing from the original indictment. [*United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988)] (also noting that "all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment.").

*Greene*, 2000 WL 126887, at *2 (emphasis in original).  Like the indictment in *Greene*, the Hobbs Act robbery charges in the Indictment against Defendant also incorporate the alternative theory of aiding and abetting under 18 U.S.C. § 2 which expressly includes the mens rea of "willfully" in its text.  (Docket No. 1).  As such, the present Indictment is not subject to dismissal for failure to state the essential element of willfully, which is incorporated via the aiding and abetting statute at § 2.

13

*Greene*, 2000 WL 126887, at *2.  Therefore, Defendant's motions to dismiss must be denied on this alternative basis as well.

VI.    CONCLUSION

For all of these reasons, Defendant's Motions seeking to dismiss the Indictment (Docket Nos. [129] [149]) are denied.  An appropriate Order follows.

<u>*s/Nora Barry Fischer*</u>
Nora Barry Fischer
Senior U.S. District Judge


Dated: May 25, 2023

cc/ecf:  All counsel of record.